IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

COALITION TO STOP CPKC,
*Petitioner*,

v.

SURFACE TRANSPORTATION BOARD and UNITED STATES,
*Respondents*,

and

CANADIAN PACIFIC KANSAS CITY LIMITED,
*Intervenor*.

ON PETITION FOR REVIEW OF AN ORDER OF
THE SURFACE TRANSPORTATION BOARD

**RESPONDENTS' OPPOSED MOTION
TO GOVERN FUTURE PROCEEDINGS**

TODD KIM
Assistant Attorney General

JUSTIN D. HEMINGER
TAMARA N. ROUNTREE
Attorneys
Environment and Natural
Resources Division
U.S. Department of Justice
Washington, DC 20530

ANIKA S. COOPER
General Counsel

ADAM M. KRESS
DREW VAN DENOVER
Attorneys
Surface Transportation Board
Washington, DC 20423
(202) 245-0276
andrew.vandenover@stb.gov

August 23, 2024

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**Parties and amici.** The petitioner is the Coalition to Stop CPKC, consisting of eight local-government entities in the western Chicago suburbs: DuPage County; the Cities of Elgin and Wood Dale; and the Villages of Bartlett, Schaumburg, Roselle, Itasca, and Bensenville. The respondents are the Surface Transportation Board and the United States. The intervenor is Canadian Pacific Kansas City Limited.

**Ruling under review.** The ruling under review is the Board's order approving, with conditions, the combination of two railroads into Canadian Pacific Kansas City Limited. *See Canadian Pac. Ry. Ltd.—Control—Kan. City S.*, FD 36500 (STB served Mar. 15, 2023).

**Related cases.** This case was previously before the U.S. Court of Appeals for the Seventh Circuit, which transferred the case here under 28 U.S.C. § 2112(a)(5). *See* Order, *Coalition to Stop CPKC v. Surface Transp. Bd.*, No. 23-1894 (7th Cir. June 28, 2023). Two other challenges to the same Board order were consolidated with this one but were voluntarily dismissed. *See* Order, *Commuter Rail Div. of the Reg'l Transp. Auth. d/b/a Metra v. Surface Transp. Bd.*, No. 23-1274 (D.C. Cir. July 26, 2024); Order, *Union Pac. R.R. Co. v. Surface Transp. Bd.*, No. 23-1125 (D.C. Cir. Jan. 29, 2024).

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ..............i

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION .......................................................................................................1

BACKGROUND ........................................................................................................3

ARGUMENT ..............................................................................................................6

I. The Coalition's footnote fails to raise any argument not otherwise presented in its opening brief.........................................................................7

    A. The Coalition, in representations made to this Court, waived reliance on Metra's arguments. ..........................................................7

    B. The Coalition forfeited Metra's arguments by failing specifically to identify which arguments it intended to adopt.................................8

    C. The Coalition cannot incorporate arguments from a case that this Court has severed and dismissed.......................................................11

II. The Court should reduce the word limits for the remaining briefs. ............. 12

CONCLUSION........................................................................................................13

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## Cases

*Bluewater Network v. Environmental Protection Agency*,
   No. 03-1003, 2003 WL 22972297 (D.C. Cir. Dec. 3, 2003) .............................. 12

*ClearOne Communications, Inc. v. Bowers*,
   643 F.3d 735 (10th Cir. 2011) ............................................................... 11

*Corson & Gruman Co. v. National Labor Relations Board*,
   899 F.2d 47 (D.C. Cir. 1990) ................................................................... 9

*Microsoft Corp. v. DataTern, Inc.*,
   755 F.3d 899 (Fed. Cir. 2014) ............................................................... 11

*United States v. Carpenter*,
   95 F.3d 773 (9th Cir. 1996) ................................................................... 11

*United States v. Dorival*,
   378 F. App'x 248 (3d Cir. 2010) .............................................................. 9

*United States v. Espinal-Almeida*,
   699 F.3d 588 (1st Cir. 2012) .................................................................. 10

*United States v. Fattah*,
   914 F.3d 112 (3d Cir. 2019) ............................................................... 9, 10

*United States v. Kamahele*,
   748 F.3d 984 (10th Cir. 2014) ............................................................ 9, 10

*United States v. Olano*,
   507 U.S. 725 (1993) ............................................................................. 8

*United States v. Scarfo*,
   41 F.4th 136 (3d Cir. 2022) .................................................................... 9

*United States v. Williams*,
   974 F.3d 320 (3d Cir. 2020) .............................................................. 9, 10

*United States v. Zannino*,
   895 F.2d 1 (1st Cir. 1990) ...................................................................... 9

## Court Rules

Cir. R. 32(e)(2)(B)(i) ................................................................................................... 13

Fed. R. App. P. 28 ..................................................................................................... 10

Fed. R. App. P. 28(a)(5) ............................................................................................... 8

Fed. R. App. P. 28(i) ............................................................................... 2, 7, 8, 9, 11

Fed. R. App. P. 32(a)(7)(B)(ii) .................................................................................. 13

**INTRODUCTION**

Respondents the Surface Transportation Board (the Board) and the United States of America (together, Respondents) respectfully move the Court to amend the order governing the remaining proceedings in this case.

Until recently, this case involved two consolidated petitions for review: one filed by the Coalition to Stop CPKC (the Coalition), and one filed by the Commuter Rail Division of the Regional Transportation Authority d/b/a Metra (Metra).  After the Coalition and Metra filed their separate opening briefs, however, Metra voluntarily dismissed its case and the Court terminated the consolidation, leaving the Coalition as the sole remaining petitioner.  Order of July 26, 2024.

The Coalition now asserts that—by way of a cursory footnote in the background section of its opening brief—it has incorporated by reference an unspecified subset of arguments from Metra's separately filed 11,000-word brief, notwithstanding that the Court has now deconsolidated and dismissed Metra's case.

As explained below, the incorporation that the Coalition now asserts is impermissible because (1) it contradicts the Coalition's earlier representations to this Court; (2) the Coalition's vague, putative incorporation of unidentified arguments from Metra's brief is too general to be effective; and (3) under Federal

1

Rule of Appellate Procedure 28(i), any incorporation that the Coalition may properly have achieved did not survive the deconsolidation of Metra's case.

The Court should resolve this issue now, before briefing continues, to provide needed clarity as to the issues that remain. That clarity will reduce the burden on the parties and the merits panel. And a ruling that Metra's arguments did in fact leave the case with Metra would eliminate the need for as many as 29,000 words of briefing and cut hundreds if not thousands of pages from the joint appendix. By contrast, permitting the Coalition to incorporate an unspecified subset of Metra's arguments without explanation would leave the parties and the Court to sort through a confusing morass of arguments in what is otherwise a straightforward National Environmental Policy Act (NEPA) challenge by a single petitioner.

Respondents accordingly request that the Court:

(1) Confirm now, before briefing continues, that the issues and arguments in this case are only those expressly asserted in the Coalition's opening brief (in No. 23-1165) and do not include arguments and issues raised only in Metra's now-terminated and deconsolidated case (No. 23-1274), notwithstanding the Coalition's vague footnote; and

(2) Reduce the word limits for all remaining briefs to reflect the deconsolidation, as proposed below.

Before filing this motion, counsel for Respondents discussed these issues with counsel for the other parties but were unable to reach agreement with the Coalition on the proper path forward. The Coalition therefore opposes this motion. Intervenor Canadian Pacific Kansas City Limited (CPKC) does not oppose the requested relief.

## BACKGROUND

This case involves a petition for review of the Board's order that approved the combination of two applicant railroads into the single entity CPKC, which has intervened in support of Respondents. Another railroad initially intervened, but has since withdrawn. Order of Feb. 27, 2024.

Originally, three different petitioners sought review: Union Pacific Railroad Company, a competitor of CPKC; Metra, an affected commuter rail operator in the Chicago area; and the Coalition, a group of eight local-government entities in the western Chicago suburbs. The Coalition communities are located along one of Metra's lines.

In a previous motion to govern, Metra and the Coalition sought leave to file separate, almost full-length briefs of 11,000 words each, notwithstanding this Court's rule that parties with common interests must file a joint brief where feasible. *See* Joint Motion to Govern, Doc. No. 2029704, at 6-8 (Dec. 1, 2023) (Ex. 1). Metra and the Coalition explained that, "[a]lthough the Coalition and

Metra are both challenging the Board's analysis under NEPA and its public interest finding, the Coalition's case rests on interests and claims that are separate and distinct from those of Metra." *Id.* at 7. "Metra's concerns are on the impact of the merger on its service and passengers," including the "safety of Metra's passengers in the Chicago area," and "not on the impact on neighboring communities, which is the subject about which the Coalition will argue." *Id.* The Coalition represented that its arguments "will not entail the technical operational analysis" central to Metra's arguments, "[n]or will the Coalition focus on the effects of the merger on Metra's passenger operations." *Id.* Because each petitioner was raising "distinct" issues, they contended that they "require[d] separate briefs." *Id.* at 6.

The Court permitted all three petitioners to file separate opening briefs, subject to an aggregate 22,000-word limit. Respondents' joint brief was limited to 22,000 words; intervenor briefs were limited to 9,100 words; and petitioners' reply briefs were limited to 11,000 words in the aggregate. Order of Jan. 2, 2024.

Before opening briefs were filed, Union Pacific voluntarily dismissed its petition for review. Order of Jan. 29, 2024. Metra and the Coalition then split the aggregate word allotment evenly between them, filing opening briefs of roughly 11,000 words each. Broadly speaking, Metra's brief argued (1) that, for highly technical reasons, the Board's decision was arbitrary under the Administrative Procedure Act (APA) and NEPA because the Board credited the projections in the

merging railroads' operating plan over Metra's preferred computer model; and (2) that the Board violated NEPA by inadequately considering an allegedly increased safety risk to Metra passengers. In contrast, the Coalition's brief argued that the Board violated NEPA (and by extension the APA) by inadequately estimating the increased time that CPKC trains would block Coalition-community roadways.

The background section of the Coalition's opening brief included the following footnote purporting to adopt some undefined subset of Metra's arguments:

> The Coalition fully supported and relied upon the extensive, detailed analysis conducted by Metra before the Board, ID-304964, and the Coalition adopts the arguments presented by Metra in it's [sic] Opening Brief about the deficiencies in the Applicant's [sic] Operating Plan and the Board's NEPA process.

Coalition Br. 7 n.2.

Before Respondents' brief was due, Metra filed an unopposed motion to voluntarily dismiss its petition. The Court granted the motion and terminated the consolidation of Metra's case with the Coalition's, leaving the Coalition as the only petitioner. Order of July 26, 2024.

In light of Metra's exit, counsel for the Coalition initiated discussion with the other parties of whether and how to adjust the word limits for the remaining briefs. Respondents' counsel agreed that a reduction was warranted, on the understanding that the arguments raised in only Metra's brief were no longer part

of the case. But the Coalition's counsel then decided that "the appropriate course is to leave things the way they are at this point in the process."

On several occasions, Respondents have asked the Coalition's counsel to identify exactly which of Metra's arguments it contends it has incorporated. Counsel has not done so. From these discussions, the Coalition's position appears to be that its footnote incorporates substantial parts but not all of Metra's brief— leaving Respondents with no idea where to draw the line.

Respondents' brief is currently due September 30, 2024. Respondents anticipate filing a separate motion to suspend the briefing schedule while the Court considers this motion.

**ARGUMENT**

A fundamental principle of federal appellate litigation is that a respondent or appellee needs to respond only to the arguments that the petitioner or appellant made in its opening brief. Yet the Coalition asserts that—by way of a cryptic footnote—it has incorporated an unspecified set of arguments made in another petitioner's opening brief, even after the Court has dismissed and deconsolidated that petitioner's case. The Court's intervention is required now to provide the parties with clear direction to complete briefing in an orderly and reasonable fashion. The Court should (1) confirm that the Coalition is limited to the arguments expressly made in its opening brief and that, notwithstanding the

Coalition's footnote, the arguments made only in Metra's opening brief are not part of this case; and (2) accordingly reduce the word limits for the remaining briefs as proposed below.

**I.     The Coalition's footnote fails to raise any argument not otherwise presented in its opening brief.**

Although Rule 28(i) generally permits parties in consolidated cases to adopt by reference specific parts of other parties' briefs, the Coalition affirmatively waived reliance on Metra's arguments. The Coalition also forfeited Metra's arguments by failing adequately to specify any particular argument that the Coalition purports to adopt. And, even if the Coalition had properly incorporated any of Metra's arguments, such incorporation did not survive the deconsolidation of Metra's case.

**A.     The Coalition, in representations made to this Court, waived reliance on Metra's arguments.**

The Coalition cannot adopt arguments from Metra's opening brief because the Coalition affirmatively waived any such arguments in the previous motion to govern. *See supra* 3-4. In seeking permission to file separate briefs from Metra, the Coalition told the Court that it would forgo any arguments about "the technical operational analysis" that underlaid Metra's criticism of the merging railroads' operating plan, and would forgo arguments about "the impact of the merger on [Metra's] service and passengers." Joint Motion to Govern, Doc. No. 2029704, at

7 (Dec. 1, 2023) (Ex. 1). These two categories encompass the entirety of Metra's arguments, which in essence claimed that the Board arbitrarily credited the merging railroads' operating plan over Metra's preferred computer model and inadequately analyzed the alleged safety risk to Metra's passengers. The Coalition thereby "intentional[ly] relinquish[ed]" whatever arguments that it now claims to assert. *United States v. Olano*, 507 U.S. 725, 733 (1993).

The Coalition's attempt to incorporate arguments from Metra's brief contradicts these and other of the Coalition's representations to the Court. The Coalition asserted that its "case rest[ed] on . . . claims that are separate and distinct from those of Metra." Joint Motion to Govern at 7. That representation does not comport with the Coalition's current effort to adopt apparently large portions of Metra's brief. The Court should not permit the Coalition to change its representations now. If the Coalition intended to invoke the expansive and wholly distinct arguments presented by Metra, the Coalition should have said so at the time it made its initial representations to this Court.

### B. The Coalition forfeited Metra's arguments by failing specifically to identify which arguments it intended to adopt.

Even if the Coalition had not affirmatively waived Metra's arguments, it has forfeited them by failing to identify in its opening brief the arguments it purports to adopt with any degree of specificity, as required by Rules 28(a)(5) and 28(i).

Rule 28(i) does not displace "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited]." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). As a result, a bare statement of incorporation "without any specification of the discrete issues to be adopted[] fails to satisfy Rule 28(a)(5)'s directive to identify the issues for review." *United States v. Dorival*, 378 F. App'x 248, 251 (3d Cir. 2010); *accord United States v. Scarfo*, 41 F.4th 136, 167 n.19 (3d Cir. 2022). If the rule were not so, then every appellate lawyer in a consolidated case would have a clear incentive to include a footnote purporting to incorporate all issues and arguments raised by all co-parties.

Accordingly, "general statements of adoption under Rule 28(i) will not be regarded." *United States v. Williams*, 974 F.3d 320, 340 n.7 (3d Cir. 2020). Otherwise, the Court would effectively be forced to "serve as [the petitioner's] lawyer, 'scouring the record' [on the petitioner's behalf] and determining 'which of the many issues of [its] co[petitioners] are worthy of [the Court's] consideration.'" *Id.* (quoting *United States v. Fattah*, 914 F.3d 112, 146 n.9 (3d Cir. 2019) (alterations omitted)); *accord United States v. Kamahele*, 748 F.3d 984, 996 (10th Cir. 2014). And respondents would lack fair notice of the arguments to which they are actually expected to respond. *See Corson & Gruman Co. v. Nat'l Labor Relations Bd.*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990) (requiring that "all"

9

arguments be made in an opening brief so that opposing counsel has a "chance to respond"). The Court therefore should "resolve only those issues specifically and explicitly identified" in a petitioner's opening brief. *Williams*, 974 F.3d at 340 n.7.

The Coalition did not comply with Rule 28. The Coalition purports to have adopted Metra's arguments by way of a lone footnote in the background section of its opening brief. Coalition Br. 7 n.2. That effort "could not have been more perfunctory." *United States v. Espinal-Almeida*, 699 F.3d 588, 599 n.9 (1st Cir. 2012). The footnote stated, without elaboration or citations to page numbers, that it adopted Metra's arguments "about the deficiencies in the Applicant's [*sic*] Operating Plan and the Board's NEPA process." Coalition Br. 7 n.2. That vague language could be read to cover *any* of the arguments made by Metra (although the Coalition apparently does not intend to cover all of them, *see* supra 6) and it would effectively expand the Coalition's brief well beyond the 13,000-word limit ordinarily given a solo petitioner. The footnote offers no notice of what actual arguments the Coalition intends to adopt, leaving the parties and the Court to "guess which arguments appl[y]." *Kamahele*, 748 F.3d at 996. "This type of blanket request" that "expect[s] the appellate court to identify the issues to be adopted" needlessly expands the scope and burden of the case and "simply results in the abandonment and [forfeiture] of the unspecified issues." *Fattah*, 914 F.3d at 146 n.9.

### C. The Coalition cannot incorporate arguments from a case that this Court has severed and dismissed.

Even if the Coalition had properly incorporated any of Metra's arguments, that incorporation is no longer effective under Rule 28(i) because this Court has terminated the consolidation of Metra and the Coalition's cases.

To the extent that Rule 28(i) permits incorporation by reference, it does so only "[i]n a case involving more than one appellant or appellee." Fed. R. App. P. 28(i). It "does not apply to cases [that] are not consolidated." *United States v. Carpenter*, 95 F.3d 773, 774 n.1 (9th Cir. 1996); *accord, e.g.*, *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 910 (Fed. Cir. 2014) ("[I]ncorporation of co-party briefing is only allowed in consolidated cases" and "cannot be used to exceed word count"); *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 782 (10th Cir. 2011) (same).

This case now has only one petitioner: the Coalition. The applicability of Rule 28(i) ended when the consolidation of Metra and the Coalition's cases did. Indeed, when the Coalition consented to Metra's motion to dismiss its case, the Coalition did not seek any relief, or raise any objection, regarding severance of any arguments in Metra's brief that the Coalition now claims to be incorporating. Permitting the Coalition to incorporate Metra's brief now, when Metra's case has been severed and dismissed, would contradict Rule 28(i). It would also present logistical difficulties, such as requiring the Coalition to prepare and file a final

11

version of Metra's opening brief on Metra's behalf, even though the Coalition's counsel played no role in drafting it, and requiring the joint appendix to include the voluminous material cited in Metra's brief that is otherwise irrelevant. And it would reduce the incentives for respondents or appellees to settle cases because the remaining parties could always revive the otherwise-settled arguments with a generic incorporation footnote. The better approach is to recognize that, in electing to file separate briefs, the Coalition assumed the risk that the two cases might become deconsolidated such that the incorporation would become ineffective.

The Court could, however, permit the Coalition to "file a revised brief removing any references in its brief to [Metra's] dismissed petition" while making "[n]o other changes," as this Court has ordered in the past when one of two consolidated petitions was voluntarily dismissed. *See Bluewater Network v. Env't Prot. Agency*, No. 03-1003, 2003 WL 22972297, at *1 (D.C. Cir. Dec. 3, 2003).

## II.   The Court should reduce the word limits for the remaining briefs.

If this Court confirms that the arguments in Metra's opening brief are not part of the Coalition's pending case, the Court should also reduce the word limits for the remaining briefs as follows:

- Respondents' joint brief: 11,000 words

- CPKC's intervenor brief: 7,700 words

- The Coalition's reply brief: 5,500 words

These proposed word limits correspond to the 11,000 words allotted to the Coalition's opening brief, giving seventy percent of that amount to CPKC's intervenor brief and fifty percent to the Coalition's reply. *See* Fed. R. App. P. 32(a)(7)(B)(ii); Circuit Rule 32(e)(2)(B)(i). Although this case was initially somewhat complex—having three petitioners and two intervenors—three of those parties have dropped out since the Court's initial briefing order. These reduced word limits appropriately reflect that this is now a single-petitioner case.

## CONCLUSION

The Court should confirm before Respondents file their brief that arguments raised in only Metra's brief are not part of this case and that the Coalition's footnote is inadequate to raise any argument not otherwise presented in the Coalition's opening brief. The Court should further reduce the word limits for the remaining briefs as Respondents have proposed.

Respectfully submitted,

| | |
|---|---|
| TODD KIM<br>Assistant Attorney General | ANIKA S. COOPER<br>General Counsel |
| JUSTIN D. HEMINGER<br>TAMARA N. ROUNTREE<br>Attorneys<br>Environment and Natural<br>Resources Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC  20530 | <u>/s/ Drew Van Denover</u><br>ADAM M. KRESS<br>DREW VAN DENOVER<br>Attorneys<br>Surface Transportation Board<br>395 E Street SW<br>Washington, DC  20423<br>(202) 245-0276<br>andrew.vandenover@stb.gov |

August 23, 2024

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,848 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word and Times New Roman font, size 14.

                                      /s/ Drew Van Denover
                                      Drew Van Denover
                                      Attorney
                                      Surface Transportation Board

August 23, 2024